CITY OF LIMA, APPELLEE, *v.* HEMPKER, APPELLANT.*

(No. 1232—Decided October 30, 1962.)

*Mr. John R. Evans*, director of law, for appellee.
*Mr. John A. Robenalt*, for appellant.

GUERNSEY, P. J.   This is an appeal on questions of law from the Lima Municipal Court in a case wherein the appellant was charged, found guilty, and sentenced for an alleged violation of the zoning code of the city of Lima in causing a building owned by him to be used as a grocery store on April 16, 1962.

The building involved is located in a class I residential district, wherein use of any building for the operation of a grocery store is generally prohibited.  However, the building in question was used for the operation of a grocery store at the time of the adoption of the zoning code in 1949 and for some

---

*Motion to certify the record overruled (38026), May 1, 1963.

years thereafter, as a permitted nonconforming use. The only issue on this appeal is whether this nonconforming use was terminated in such manner that under the provisions of the zoning code it could not be resumed.

The pertinent provisions of section 1331.02 of the zoning code as to termination of nonconforming use are as follows:

"A nonconforming use existing on June 6, 1949 may be continued until such time as there is an abandonment of such use *followed by* removal of equipment *or* alteration of fittings *and* change in the essential purpose of such use. The mere cessation of such use without such removal or alteration and change shall not constitute an abandonment provided however that the mere cessation of such use alone if continued for a period of twelve consecutive months shall be deemed to be prima facie an *abandonment* * * *." (Emphasis added.)

The case was submitted on this appeal on an agreed narrative bill of exceptions, wherein it appears undisputed and pertinent to the sole issue before us that in March of 1960 one Kimmel, who owned the building in question and had operated a grocery store therein as a nonconforming use, closed his grocery business; that in the summer of 1960 Kimmel sold the premises to one Truex; that Truex thereupon removed a walk-in cooler, a meat case, a mist cooler for vegetables, shelving in the middle of the store, meat scales, a meat block and an adding machine; that on August 9, 1960, one Mary Truex made application to the city of Lima for a building permit to "repair floor and support where necessary" and noted in her application that the building was used for "store (vacant)" and as to zone was "Non Conf."; that on the same date a building permit was issued by the city of Lima to one Leonard Truex to "repair floor and support where necessary"; that thereafter and prior to December 1960 Truex repaired the floor and put a door and window in such building; that on September 15, 1961, defendant and his wife purchased the premises from Truex on a land contract; that thereafter defendant "commenced to work on the place in order to make the premises ready to reopen as a grocery store"; that he purchased four items of equipment, to wit, "scales, small refrigerator, meat slicer and cash register" (the latter being partly paid for by the trade-in of a cash register which

had been on the premises at the time of purchase from Truex) ; that on December 28, 1961, a vendor's license was issued in the names of ''Virginia & Jimmie Hempker, 336 S. Scott, Lima'' for a ''grocery'' business; and that a grocery store was opened on the premises on April 7, 1962. The testimony was conflicting as to whether, at the time the premises were sold by Truex to defendant and his wife, there were no fixtures or equipment in the building except some shelving, one Stager testifying such to be the case whereas the defendant testified that the only additional items of equipment which were purchased for the operation of the grocery business were those hereinbefore mentioned.

In the opinion of this court the ordinance hereinbefore quoted requires the existence of three things before the right to continue a nonconforming use is terminated, namely:

1. ''Abandonment of such use.''
2. ''Removal of equipment or alteration of fittings.''
3. ''Change in the essential purpose of such use.''

The ordinance providing also that ''the mere cessation of such use alone if continued for a period of 12 consecutive months shall be deemed to be prima facie an abandonment,'' it would appear from the evidence herein that the cessation of the operation of a grocery business continued for a period of more than 12 consecutive months constituted prima facie evidence of an ''abandonment.'' However, criminal ordinances must be strictly construed in favor of the defendant and zoning ordinances must be strictly construed. 15 Ohio Jurisprudence (2d), 253, Criminal Law, Section 20, and authorities therein cited; *State, ex rel. Moore Oil Co., v. Dauben, Bldg. Inspector*, 99 Ohio St., 406. Thus construed, prima facie evidence of an abandonment would tend to satisfy merely the first of the three elements required by the ordinance to exist before the right to continue a nonconforming use would terminate and the same would not constitute, in and of itself, prima facie evidence of the termination of such right.

This being the case, in order to support a conviction, it also had to be established, by the requisite degree of proof, that the second and third elements necessary to exist before the right of continuation of a nonconforming use terminated did, in fact, exist. There was some evidence of probative value that there

324

was at least a partial removal of equipment. However, taking the view which we do of this case, we need not determine, and do not determine, whether the second element of "removal of equipment" would be satisfied by merely a partial removal, for a complete and thorough examination of the narrative bill of exceptions reflects that there is no evidence of any probative value therein of the third element, *i. e.*, of any "change in the essential purpose of such use." From the time Kimmel ceased to operate his grocery business until the defendant was arrested there were no changes structually or otherwise in the building which changed the essential purpose of the use of such building from the use for a grocery store to any other use.

For these reasons, we conclude that there has been a failure to prove the defendant guilty of the crime for which he was charged, which failure constituted error prejudicial to defendant, and the judgment of conviction should be, and hereby is, reversed and set aside and the defendant is discharged at the costs of the city of Lima.

*Judgment reversed.*

MIDDLETON and YOUNGER, JJ., concur.